IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FAIRLY ODD TREASURES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21 C 6136 |
| ) | |
| THE PARTNERSHIP AND ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED IN SCHEDULE "A", ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Fairly Odd Treasures, LLC. (FOT) sued a number of defendants for trademark infringement and related conduct. Another judge of this Court (to whom the case was them assigned) entered a preliminary injunction. FOT later moved for entry of default judgment against the defendants. On April 8, 2022, the previously assigned judge granted FOT's motion for entry of default judgment, finding the defendants liable for willful trademark infringement and counterfeiting, false designation of origin, and violation of the Illinois Uniform Deceptive Trade Practices Act and awarding statutory damages to FOT.

On January 22, 2024, one of the defendants, Fulton DS (Fulton), moved to vacate the default judgment, claiming this Court lacks personal jurisdiction over Fulton. For the reasons stated below, the Court denies Fulton's motion to vacate.

### Background

FOT is a limited liability company that created and sells "bathroom golf games" and operates out of the Northern District of Illinois. Compl. ¶ 5. Fulton is a French company that sells new and used "cultural items" through interactive websites like Amazon stores. Def.'s Mot. to Vacate at 3. On its Canadian Amazon store, Fulton listed "Toilet Golf," the infringing product, and sold and delivered it to an Illinois address in the Chicago area. *Id.* at 4. FOT sued Fulton, and other defendants, in this District for trademark infringement and related violations and later moved for entry of default judgment. In April 2022, the previously assigned judge entered default judgment against Fulton and the other defendants, awarded statutory damages, and permanently enjoined future infringement. Fulton filed the present motion to vacate in January 2024.

### Discussion

Under Federal Rule of Civil Procedure 60(b), relief from a judgment or order is appropriate when the judgment is void. Fed. R. Civ. P. 60(b)(4). A judgment is void if the court that rendered it lacked jurisdiction over the defendant. *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 855 (7th Cir. 2011). The party seeking relief from the judgment bears the burden of proving that personal jurisdiction was lacking. *See id.* at 857.

Fulton contends the Court does not have personal jurisdiction over it. For a court to have personal jurisdiction over a party, the party must have sufficient "minimum contacts" with the forum state, and the court's exercise of personal jurisdiction over the party must "not offend traditional notions of fair play and substantial justice." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) (quoting *Int'l Shoe Co. v. Washington*, 326

2

U.S. 310, 316 (1945)). The nature of the party's contacts with the forum state determines whether the court has general or specific jurisdiction over the party. *Tamburo*, 601 F.3d at 701.

1. **General jurisdiction**

To establish general jurisdiction, a party must have "continuous and systematic" contacts with the forum state that are "sufficiently extensive and pervasive to approximate physical presence." *Id.* (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). General jurisdiction is also appropriate if the forum state is the party's place of incorporation or principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014).

This Court cannot exercise general jurisdiction over Fulton. Fulton is a French company whose contacts with Illinois do not rise to the level of "continuous and systematic." *See Tamburo*, 601 F.3d at 701. It does not have an office in Illinois and is not incorporated in the state, and although it maintains a public website that is accessible by Illinois residents, that is not enough to establish general jurisdiction over Fulton in Illinois. *Id.*

2. **Specific jurisdiction**

To establish specific jurisdiction, the party must have purposefully directed its activities toward residents of the forum state or purposely availed itself of the privilege of conducting activities in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). In addition, the lawsuit at issue must "arise out of or relate to" the party's contacts with the forum. *Philos Techs., Inc.*, 802 F.3d at 913 (quoting *Burger King*, 471 U.S. at 472–73).

3

As a threshold matter, Fulton has sufficient minimum contacts with Illinois. Its creation of an interactive website and the selling and shipping of a product to Illinois through a third-party site suffice under controlling Seventh Circuit authority. *See Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 399 (7th Cir. 2020). Fulton purposefully directed its activities toward Illinois residents by allowing them to purchase its products for its financial benefit.

Fulton's argument that only one unit was sold to Illinois and that the sale was "presumably [ ] an effort to manufacture jurisdiction in Illinois" does not carry the day. Def.'s Mot. to Vacate at 9. The Seventh Circuit has rejected such arguments, emphasizing that the relevant issue is the party's "structuring of its own activities so as to target the Illinois market." *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022). The court has further rejected the proposition that a threshold number of sales is required to satisfy specific jurisdiction, finding that even one sale can be enough, again focusing on the party's actions targeting the forum state. *See id.* at 625.

The sale at issue is "suit-related." *Id.* (quoting *Curry*, 949 F.3d at 400). A sale is suit-related "when direct sales from the defendant in the forum state involve the infringing product." *Id.* (citing *Curry*, 949 F.3d at 401–02). The present lawsuit arises out of or relates to Fulton's sale of the allegedly infringing product to Illinois.

Fulton argues that analogous cases from courts in this circuit establish that a single sale is insufficient for a finding of personal jurisdiction. *See* Def.'s Mot. to Vacate at 9–11. But the cases Fulton cites do not control here. The Court will focus on the cited cases that are binding precedents, *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796 (7th Cir. 2014), and *Matlin v. Spin Master*

*Corp.*, 921 F.3d 701 (7th Cir. 2019). Fulton cites these cases as instances where the Seventh Circuit found no specific jurisdiction over an alleged infringer with an interactive website who sold allegedly infringing products to persons located in the forum state. Subsequent Seventh Circuit decisions make clear, however, that these caess do not govern here. In *NBA Properties, Inc. v. HANWJH*, the Seventh Circuit agreed with the lower court's finding that *Advanced Tactical*—unlike the present case—did not involve the sale of infringing products to the forum state. *NBA Props.*, 46 F.4th at 619. In addition, the plaintiffs in *Advanced Tactical* failed to provide any evidence of sales connected to the litigation. *See Advanced Tactical*, 751 F.3d at 801. The opposite is true here. There is a clear record of Fulton's sale of an allegedly infringing product to a person in Illinois. *See* Def.'s Mot. to Vacate at 4.

  In *NBA Properties*, the Seventh Circuit distinguished *Matlin* because it involved a sale of the infringing product that took place after the litigation began; the court found the sale to be unrelated to the litigation. *See NBA Props.*, 46 F.4th at 625. That is not the case here. In *NBA Properties*, the court also clarified that it had not created "a categorical rule that multiple online sales, as opposed to a single online sale, are required to establish a sufficient basis for personal jurisdiction." *Id.* In sum, the Seventh Circuit precedent cited by Fulton does not suggest that personal jurisdiction was lacking in this case.

  Fulton also contends that its "Toilet Golf" product was not actually marked with FOT's "Potty Putter" trademark. Rather, Fulton says, a photo with the "Potty Putter" trademark was added to its Amazon posting by an unknown party. That could impact the merits of FOT's claims, but it has no bearing on the personal jurisdiction inquiry.

5

Rather, the relevant inquiry is whether the sale that FOT relies upon to establish personal jurisdiction over Fulton involved the *allegedly* infringing product—in other words, whether the claim against Fulton arises from its contacts with the forum state. It does, for the reasons the Court has discussed.

Finally, the exercise of personal jurisdiction over Fulton in this case does not offend traditional notions of fair play and substantial justice. The following factors are relevant to this consideration: "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Tamburo*, 601 F.3d at 709 (quoting *Burger King*, 47 U.S. at 477)*.*

Though the defendant is a foreign entity, the Seventh Circuit has found that there is no unfairness in making a foreign entity "defend a suit in a state where it structured its business to 'easily serve the state's consumers.'" *NBA Props.*, 46 F.4th at 627 (quoting *Curry*, 949 F.3d at 402). By setting up its interactive website and allowing sale and shipment of its products to Illinois residents, Fulton structured its business to easily serve Illinois consumers. The Seventh Circuit has further found that "Illinois has a strong interest in providing a forum for its residents and local businesses to seek redress for tort injuries suffered within the state and inflicted by out-of-state actors." *Tamburo*, 601 F.3d at 709. FOT operates out of Illinois, which provides Illinois a significant interest in providing a forum to redress its resident's claimed injuries. Finally, there is no unwarranted burden placed on Fulton through this Court's exercise of

personal jurisdiction over it, especially given the ease of modern communication and transportation. *See World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 293 (1980)*.*

## Conclusion

For the reasons stated above, the Court denies the Fulton's motion to vacate the default judgment entered against it [69].

Date: April 16, 2024

_____
MATTHEW F. KENNELLY
United States District Judge